Wang v. NH Board of Reg. in Medicine   CV-91-685-B    09/23/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

John W. Wang, M.D.

    v.                                    No. 91-685-B

New Hampshire Board of
Registration in Medicine, et al.


**O R D E R**


Dr. John W. Wang ("Dr. Wang") seeks injunctive relief, declaratory relief, and damages arising from a decision of the New Hampshire Board of Registration in Medicine ("the Board"), revoking his license to practice medicine in New Hampshire.  He has sued the Board, its members in their individual and official capacities, and the Board's attorney in his individual capacity. The defendants have moved to dismiss Dr. Wang's claim against the Board and its members in their official capacities on the ground that these claims are barred by the Eleventh Amendment.  The defendants also seek dismissal of Wang's individual capacity claims on the ground that the defendants against whom these claims have been brought are entitled to either absolute or good

faith immunity.[1] For the reasons that follow, I conclude that the Eleventh Amendment bars Dr. Wang's claims for damages and retrospective equitable relief against the Board and its members in their official capacities. I also conclude that the individual capacity defendants are entitled to absolute immunity with respect to plaintiff's damage claims. Thus, all that remains for decision is Dr. Wang's claim for prospective equitable relief against the Board members.

## FACTS[2]

Dr. Wang began practicing medicine in the United States when he arrived in this country in 1967. He became licensed to practice medicine in New Hampshire in 1983. In July 1988, in

--------------------

[1]Defendants' motion to dismiss was filed in January 1992. Before the motion was decided, the court granted Dr. Wang's motion for a stay to allow him to seek state appellate review of the Board's order revoking his license to practice medicine. The New Hampshire Supreme Court subsequently summarily affirmed the Board's decision and the stay has now been lifted. Because state court proceedings have been concluded, defendants' argument that the court lacks jurisdiction to consider Dr. Wang's claims while state proceedings are pending and their contention that the court should abstain while the state proceedings are pending are moot.

[2] The facts are drawn from Dr. Wang's Complaint. They are stated in the light most favorable to him and are assumed to be true for purposes of this order.

reliance on a decision of the Massachusetts Board of Medicine revoking Wang's medical license, the Board revoked his New Hampshire license. Shortly thereafter, Wang obtained a preliminary injunction in state superior court preventing the Board's decision from going into effect. He later obtained a second order from the same court directing the Board to convene a new hearing with different Board members before it took further action against him. This order was later vacated. Meanwhile, the Board appointed a prosecutor to investigate Wang. This investigation culminated in additional charges and a new hearing several years after the Board's July 1988 decision. The hearing was replete with serious procedural errors that individually and collectively deprived Wang of his right to due process. Moreover, the Board members and their attorney acted with malice and in bad faith in committing these due process violations.

When the complaint was filed in 1991, the Board had not yet decided whether to revoke Dr. Wang's license. However, his New Hampshire license was eventually revoked and the Board's decision was subsequently affirmed by the New Hampshire Supreme Court.

## DISCUSSION

A.  Eleventh Amendment

Dr. Wang argues that the State of New Hampshire waived its Eleventh Amendment immunity from federal court jurisdiction when it waived sovereign immunity with respect to the claims at issue. This argument misconstrues the nature of the immunity accorded by the Eleventh Amendment.  The United States Supreme Court has observed that "[a]lthough a [s]tate's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985) (citation omitted).  Since Wang offers nothing else to support his challenge to the defendants' Eleventh Amendment argument, his objection is unavailing.

Dr. Wang argues that he is entitled to seek injunctive relief against the Board members in their official capacities because he contends that he is seeking prospective relief.  I agree.  The Eleventh Amendment does not bar claims against state officials in their official capacities for prospective equitable relief based upon violations of federal law.  See Ex parte Young, 209 U.S. 123, 160 (1980); Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985).  In determining whether a complaint seeks

4

prospective relief, the court must look to the substance of the requested relief, rather than its form.  Papasan v. Allain, 478 U.S. 265, 279 (1986).  In the present case, although the allegedly illegal actions resulting in the revocation of Dr. Wang's license to practice medicine have concluded, the revocation decision has a prospective effect that can be addressed through equitable relief.  That is to say, Dr. Wang will continue to be denied the privilege of practicing medicine in New Hampshire unless an injunction is issued by this court directing the state to restore his license to practice medicine. The Eleventh Amendment does not bar this type of relief against state officials.[3]

B.  Absolute Immunity

Dr. Wang makes two arguments in support of his contention that the defendants are not entitled to absolute immunity. First, he contends that the defendants' right to absolute

_____

[3] Viewing Dr. Wang's arguments under the liberal standard of review that is applied to a motion to dismiss, I reject defendants' argument that Wang's complaint fails to state a claim for equitable relief.  Moreover, since it has not been raised by the defendants, I leave for another day the possibility that Wang may be estopped from asserting in this proceeding arguments that have been resolved against him in a related state court proceeding.

immunity from § 1983 claims is limited by N.H. Rev. Stat. Ann. 329:17 IX, which impliedly allows damage claims against Board members and Board employees for actions undertaken in bad faith. Second, he argues that neither the Board members nor the Board's attorney are entitled to absolute immunity because they were not acting in a quasi-judicial capacity when they engaged in the conduct that forms the basis of Wang's claim. I find neither argument persuasive.

Dr. Wang's first argument is plainly without merit. Regardless of whether the State of New Hampshire has decided to subject its officials to damages for certain state law claims, the State lacks the authority to limit the immunity which federal law grants to state officials with respect to claims based upon federal law.

Dr. Wang's second argument also lacks merit. Notwithstanding his argument to the contrary, this is not a case where the Board members or its attorney acted in the "clear absence of jurisdiction". Bettencourt v. Bd. of Reg. in Medicine, 904 F.2d 772, 782 (1st Cir. 1990) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1977) (citation omitted). Although a Superior Court judge initially enjoined several of the Board members from participating in the hearing against Dr. Wang, this

6

order was vacated prior to the hearing. Thus, in conducting a license revocation hearing, the Board, its members and its attorney were performing a function they were required to perform under state law. The fact that they may have exercised this authority in an unconstitutional manner does not deprive them of any immunity they might otherwise have been entitled to claim.

I agree with defendants that this case is indistinguishable from the recent opinion of the First Circuit Court of Appeals in Bettencourt in which the court determined that the members of the Massachusetts Board of Registration of Medicine and its staff were entitled to absolute immunity from a claim for damages brought by a physician whose license had been revoked by the Board. See Bettencourt, 904 F.2d at 784. In the present case, as in Bettencourt, the plaintiff's allegations are based directly on quasi-judicial functions engaged in by the members of the Board and its attorney. As such, the defendants are entitled to absolute immunity with respect to these claims.

#### CONCLUSION

Dr. Wang's claims against the Board are dismissed because they are barred by the Eleventh Amendment. His claim for damages against the Board members and the Board's attorney are barred by

7

the doctrine of absolute immunity.  The sole remaining issue for decision in this case is Wang's claim for prospective injunctive relief against the Board members in their official capacities.


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

September 23, 1993

cc:  Vincent Martina, Esq.
     Daniel Mullen, Esq.